Patrolman Kelly S. Oates Little Rock Police Department 700 West Markham Little Rock, Arkansas 72201
Dear Patrolman Oates:
This is in response to your request for an opinion on whether the City of Little Rock's decision to release certain records in your personnel file, in response to a request by an attorney, is consistent with the Arkansas Freedom of Information Act ("FOIA" or "act") codified at A.C.A. §§ 25-19-101 to -107 (1987 and Cum. Supp. 1993). Specifically, you have enclosed a copy of the FOIA request from the attorney to the City, in which access is sought, among other things, to the "personnel files of . . . two officers . . . [including yours,] their law enforcement dates of hire by [the] department and certification for law enforcement. . . ."
The City has responded by letter to you dated August 14, 1995, stating that it will excise under A.C.A. § 25-19-105(b)(10) (the exception for personnel records the release of which would constitute a "clearly unwarranted invasion of personal privacy") the background investigation conducted on you when you were first being considered for employment, telephone numbers, social security numbers, address "etc." The City also states that it will not release medical records. The balance of your personnel file will presumably be disclosed. With regard to employee evaluation and job performance records, the City states that such documents "are open to public inspection only if, upon final administrative resolution of any suspension or termination proceedings, they form the basis of the decision to suspend or terminate." The City states that "[c]onsequently, for the present, these documents normally contained in your personnel file will not be disclosed. Of course, any suspension letter already in your file and any job performance records which form the basis of earlier actions will be released."
I have not been provided with the records in question. It is therefore impossible for me to make a conclusive determination with regard to the release of any particular records. I can, however, in general terms, offer my conclusions as to the compatibility of the City's decision with the act.
With regard to the City of Little Rock's decision to excise your social security number and medical records from your personnel file prior to disclosure, it is my opinion that such action would be consistent with the FOIA. Section 25-19-105(b)(2) of the FOIA specifically exempts medical records, whether or not contained in a personnel file, from public disclosure. Additionally, this office has stated in previous attorney general's opinions that social security numbers should be excised from personnel records prior to release of the remainder of the records. See, e.g., Op. Att'y Gen. No. 93-055.
With regard to the City's intention to excise your telephone number and address from your personnel file prior to its release, it is my opinion that this decision may be contrary to the FOIA if the phone number and address are ones listed in a directory service. If, however, the address is unlisted or is protected by a court order, it is not subject to public disclosure and a decision to excise it from the personnel file would be consistent with the FOIA. See Op. Att'y Gen. Nos. 93-131; 90-335 (defining "unlisted number" as one that the individual in question has requested not to be given out through directory services).
As to the pre-employment background investigation which the City of Little Rock intends to excise from your personnel file prior to its disclosure, I am unable to offer a definitive response as to whether this decision is consistent with the FOIA because I do not know what information is contained in the background investigation report. It is my opinion, however, that the investigation report would be considered a "personnel record" for purposes of the FOIA and that the city's blanket denial of access to this record may be inconsistent with the FOIA. Personnel records are exempt only to the extent that their disclosure would constitute a "clearly unwarranted invasion of personal privacy."See A.C.A. § 25-19-105(b)(10). Thus, the appropriate procedure for the city to follow with respect to the background investigation is to delete any exempt information (information the disclosure of which would constitute a clearly unwarranted invasion of personal privacy) and make the remainder of the investigation available for inspection and copying.
The test to determine to what extent personnel records are exempt from disclosure under A.C.A. § 25-19-105(b)(10) is an objective test that has developed through case law. The fact that an employee may consider release of the records invasive of his or her privacy is not relevant to the analysis. Op. Att'y Gen. 93-055. The Arkansas Supreme Court, in the case of Young v. Rice, 308 Ark. 593, 826 S.W.2d 252 (1992), adopted a balancing test in applying subsection (b)(10). The court stated:
 The fact that section 25-19-105(b)(10) exempts disclosure of personnel records only when a clearly unwarranted personal privacy invasion would result, indicates that certain `warranted' privacy invasions will be tolerated. Thus, section 25-19-105(b)(10) requires that the public's right to knowledge of the records be weighed against an individual's right to privacy. . . . Because section 25-19-105(b)(10) allows warranted invasions of privacy, it follows that when the public's interest is substantial, it will usually outweigh any individual privacy interest and disclosure will be favored.
308 Ark. at 598.
In Young, the Court upheld the denial of access to the names of police officers participating in the lieutenant promotion examination proceedings, but allowed release of the records of the examination with the names deleted. The Court relied upon federal case law which finds a substantial privacy interest in records relating the intimate details of a person's life, including any information that might subject the person to embarrassment, harassment, disgrace, or loss of employment or friends. The Court found that some of the actions of the police officers when taking the role-playing portion of the examination were "embarrassing behaviors" touching on "intimate details of the candidates' lives," and the release of the information could subject them to embarrassment and perhaps threaten future employment. Id. The Court therefore found a substantial privacy interest in the records. The court also found a substantial public interest in the records, but concluded that the public's interest was satisfied by the release of the examination records with the candidate's names deleted.
The following specific information has been exempted from disclosure through judicial interpretation: personal histories; religious affiliations of employees, Church of Scientology v. Department ofDefense, 611 F.2d 738 (9th Cir. 1979); citizenship, United StatesDepartment of State v. Washington Post Co., 456 U.S. 595 (1982); marital status, Simpson v. Vance, 648 F.2d 10 (D.C. Cir. 1980); social security numbers, Swisher v. Dept. of the Air Force, 660 F.2d 369 (5th Cir. 1981); information about family life, Providence Journal Co. v. F.B.I.,460 F. Supp. 778, reversed on distinct grounds, 602 F.2d 1010 (1st Cir. 1979); and information regarding welfare payments, legitimacy of children, family fights, and alcohol consumption, Rural Housing Alliancev. Department of Agriculture, 498 F.2d 73 (D.C. Cir. 1974).
In contrast, courts have found relatively little privacy interest in records revealing names, date and place of birth, salaries of public employees, training or education background, and work experience. Kruzonv. Department of Health Human Services, 649 F.2d 65 (1st Cir. 1981) and Simpson v. Vance, 648 F.2d 10 (D.C. Cir. 1980).
The last category of documents the City mentions in its letter is "employee evaluation or job performance records." The City states that these records are open to public inspection only if, upon final administrative resolution of any suspension or termination proceeding, they form the basis of the decision to suspend or terminate. This is almost a correct statement of the law. Employee evaluation or job performance records are subject to public disclosure only upon final administrative resolution of any suspension or termination proceeding, where the records formed a basis for the suspension or termination, and where a compelling public interest in their disclosure exists. A.C.A.25-19-105(c)(1). All of these factors must be present in order for the records to be disclosed.
It is my understanding that you have been neither suspended nor terminated by the City. It is therefore my opinion that your employee evaluation and job performance records are not subject to disclosure at this time.
It should be noted, as a final matter, that this office has previously opined that dates of hire of municipal employees are subject to disclosure under the act (see Ops. Att'y Gen. 95-012 and 91-351) as is information related to law enforcement certification. See Op. Att'y Gen. 87-481.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:ECW/cyh